IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BATSIRAI CHIRINDA,<br>On behalf of herself and all other<br>Employees of North Texas Housing<br>Coalition similarly situated,<br><br>Plaintiffs,<br><br>V.<br><br>NORTH TEXAS HOUSING COALITION,<br>a Texas Corporation and<br>ALBERT MARTIN, Executive Director,<br><br>Defendants. | § § § § § § § § § § § § § § § | Civil Action No. 3:13-cv-00490-D |

## DEFENDANTS' SURREPLY IN OPPOSIITON TO PLAINTIFFS' SECOND MOTION FOR CONDITIONAL CERTIFICATION

Defendants NORTH TEXAS HOUSING COALITION, a Texas Corporation and ALBERT MARTIN, Executive Director, submit this Surreply in further opposition to the Second Motion for Conditional Certification of a collective action pursuant to 29 U.S.C. §216(b) ("Motion") filed by Plaintiff Batsirai Chirinda ("Plaintiff") (Doc. [20]). Based upon the arguments set forth below, this Court should deny Plaintiff's Second Motion for Conditional Certification, because Plaintiff has benefitted from a lengthy and protracted discovery period, has presented the same evidence that was previously considered and rejected as insufficient by this Court. Plaintiff has continually failed to show that the putative class members are similarly situated and desire to opt-in to the present lawsuit. Pursuant to the prior rulings of this Court when presented with similar facts, the Court should continue to follow precedent and deny Plaintiff's Second Motion for Conditional Certification with prejudice.

## I. Applicable Standard

Although the Fifth Circuit has declined to adopt a specific test to determine when courts should exercise their discretion to certify a collective action, the Court has adopted the two-stage test that prevails among federal courts. *See Aguilar v. Complete Landsculpture, Inc.*, 2004 WL 2293842, at *1 (N.D.Tex. Oct. 7, 2004) (Fitzwater, J.) (applying prevailing standard). To establish that employees are similarly situated, a plaintiff must show that she is similarly situated with respect to their job requirements and with regard to their pay provisions. *Id.* However, before granting conditional certification and granting court-facilitated notice, the Court must satisfy itself that there are other similarly situated employees of a defendant who desire to opt-in to the lawsuit. *See Valcho v. Dallas County Hosp. Dist.*, 574 F.Supp.2d 618, 622-23 (N.D.Tex. 2008) (Fitzwater, C.J.).

## II. Stringent Standard When Plaintiff Has Conducted Discovery

A more stringent standard for granting conditional certification applies to cases in which a plaintiff has had the opportunity and benefit to conduct discovery. *See, e.g., Harris v. Fee Transp. Servs., Inc.*, 2006 WL 1994586, at *3 (N.D.Tex. May 15, 2006) (Solis, J.) ("[W]here the parties have had the opportunity to conduct discovery on the issue of certification, the similarly situated inquiry is more stringent."). This Court has previously opined that federal courts have a duty to avoid 'stirring up' litigation through unwarranted solicitation of notice to current and former employees of a defendant. *See id.* at 623. Although the standard for obtaining conditional certification is relatively lenient at the pre-discovery stage, it becomes more stringent when the plaintiff has had the opportunity to engage and conduct discovery. *Id.* ("One of the rationales for leniency is that at the early stages of litigation, plaintiffs have not had time to conduct discovery and marshal their best evidence. This rationale disappears, however, once plaintiffs have had the

opportunity to conduct discovery.") (Fitzwater, C.J.). This leniency disappears, because, *inter alia*, courts do not intend for their powers to be used for a "frivolous fishing expedition." *Id.* (*citing D'Anna v. M/A/-COM, Inc.*, 903 F.Supp. 889,894 (D.Md. 1995). Courts "hesitate to facilitate notice where a plaintiff, having already conducted discovery, still cannot support her claim with evidence." *Id.* (denying conditional certification when plaintiff had three months to conduct discovery and failed to produce sufficient evidence to show that members of the putative class were similarly situated and desired to opt-in to the lawsuit).

This Court's prior decision in *Valcho v. Dallas County Hospital District* dictates that the denial of Plaintiff's Second Motion for Conditional Certification is proper. *See* 574 F.Supp.2d 618 (Fitzwater, C.J.). In *Valcho*, the plaintiff was employed as a nurse at Parkland Hospital and sought conditional certification of others similarly situated. *Id.* After three months worth of discovery, the plaintiff filed her motion for conditional certification, providing a sworn declaration as well as two written consent to join forms. *Id.* at 621.[1] Noting that the plaintiff had previously benefitted from three months of discovery and had failed to produce evidentiary support beyond the bare allegations contained in, *inter alia*, personal declaration, this Court denied conditional certification. *Id.* at 623 (*citing Thiessen v. Gen. Elec. Capital Corp.*, 996 F.Supp. 1071, 1080-81 (D.Kan.1998) (applying heightened evidentiary standard when plaintiff had received three months of an opportunity to conduct discovery). This Court further opined that courts are not inclined to utilize their powers to facilitate notice "where a plaintiff, having had the opportunity to develop the factual basis for a collective action (i.e., to prove that there are

---

[1] In *Valcho*, the plaintiff sought certification of a putative class comprised of "[a]ll nursing employees paid an hourly rate who worked for [Parkland] who were subject to automatic deductions for lunch or other breaks but who actually worked all or part of one or more of those breaks from November 7, 2004 to the present."

similarly situated employees who would desire to opt-in to the litigation), fails to do so." *Id.* (*citing Davis v. Charoen Pokphand (USA), Inc.*, 303 F.Supp.2d 1272, 1276 (M.D.Ala.2004).

### III. Plaintiff Continues to Seek Certification of a Putative Class that Remains Overly Broad and Insufficiently Supported by the Evidence Presented.

This Court should deny Plaintiff's Second Motion for Conditional Certification for the following additional reasons: (1) Plaintiff seeks a putative class that is more broad than the proposed class that was denied in *Valcho*; (2) Plaintiff has benefitted from nine months to conduct discovery; and (3) Plaintiff has failed to present any evidence that non-Housing Counselors are similarly situated and desire to opt-in to the instant litigation.

#### A. Plaintiff's Proposed Class is Broader than the Proposed Class that this Court Denied in *Valcho v. Dallas County Hospital District*.

In *Valcho*, the plaintiff sought conditional certification of a putative class of nurses who were not compensated for time worked during lunch breaks. 574 F.Supp. at 621. Plaintiff's Second Motion for Conditional Certification ("Second Motion") continues to seek certification of a putative class that includes "all current and former Mortgage Counselors, Document Review Specialists, and Administrative Assistants." (Doc. [16] at page 2). Notwithstanding the protracted discovery period enjoyed by the Plaintiff in this case, Plaintiff fails to present any new or additional evidence that was not already considered by this Court. (Doc. [16-2]). Plaintiff has failed to present any declarations, sworn statements, or other evidentiary items provided by any current or former "Document Review Specialists" or "Administrative Assistants" that would support Plaintiff's assertion that (1) they are all similarly situated; and (2) that any current or former "Document Review Specialists" or "Administrative Assistants" desire in any way to opt-in to the present lawsuit.

## B. Plaintiff Has Benefitted From a Lengthy and Protracted Discovery Period.

On March 25, 2013, Plaintiff served Defendants with Requests for Admission, Requests for Production, and Interrogatories which were subsequently answered. *See* Defendants' Appendix, pgs. 1-19. Pursuant to the Scheduling Order entered in this case, Plaintiff continues to benefit from the opportunity to conduct discovery until December 1, 2013. (Doc. [5] at page 2). Plaintiff has already benefitted from a greater and lengthier opportunity to conduct discovery than the discovery period at issue in *Valcho*. 574 F.Supp.2d 618, 622-23. To support Plaintiff's Second Motion, Plaintiff attaches the same evidence that Plaintiff presented to the Court in the first Motion for Conditional Certification, which was rejected as insufficient. (Doc. [16-2]). Plaintiff's evidence consists of, *inter alia*, Plaintiff's own declaration and two declarations of individuals who allege to have worked as Mortgage Counselors, the exact same employment position as the Plaintiff. (Doc. [16-2] at pages 3-6).

As this Court has previously held, courts have a responsibility to avoid stirring up litigation through unwarranted solicitation of court-facilitated notice and to ensure that an employer is not overburdened by a frivolous fishing expedition. 574 F.Supp.2d 618-22 (*citing D'Anna v. M/A-COM, Inc.*, 903 F.Supp. 889,894 (D.Md. 1995). Courts are not inclined to use their powers to facilitate notice where a plaintiff has had the opportunity to conduct discovery and develop the factual basis for a collective action and fails to do so. 574 F.Supp.2d at 623. Plaintiff's Second Motion proposes a nominally different putative class, and fails to present any new evidence that would show that the putative class members are similarly situated and that any current or former "Document Review Specialists" or "Administrative Assistants" have shown any desire to opt-in to the present lawsuit. This failure comes only after the Plaintiff has enjoyed a lengthy opportunity to conduct discovery and develop the factual basis for a collective action. Based

upon the foregoing, Plaintiff's Second Motion for Conditional Certification should be denied with prejudice

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Honorable Court deny Plaintiff's Second Motion for Conditional Certification with prejudice, or, in the alternative, deny Plaintiff's Second Motion for Conditional Certification without prejudice to Plaintiff moving anew for certification.

Respectfully submitted,

THE WILLIS LAW GROUP, PLLC

**KIRK D. WILLIS**
State Bar No. 21648500
**FOSTER REESE, III**
State Bar No. 16715300
**BENTON WILLIAMS II**
State Bar No. 24070854
104440 North Central Expressway, Suite 520
Dallas, Texas 75231
(214) 736-9433 (Telephone)
(214) 736-9994 (Facsimile)

**ATTORNEYS IN CHARGE FOR DEFENDANTS, NORTH TEXAS HOUSING COALITION, A TEXAS CORPORATION AND ALBERT MARTIN, EXECUTIVE DIRECTOR**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Surreply in Opposition to Plaintiffs' Second Motion for Conditional Certification was served on October 4, 2013 by facsimile to (972) 692-7322 on the following attorney in charge for Plaintiff, Batsirai Chirinda:

Norman J. Hoppenstein
7920 Beltline Road, #370
Dallas, Texas 75254

**BENTON WILLIAMS II**